UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
ERIC SMITH,　　　　　　　　　　　　　　　　　　　　　　Index No.: _____

　　　　　　　　　　　　Plaintiff,

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**COMPLAINT**
-against-　　　　　　　　　　　　　　　　　　　　　　　**JURY TRIAL DEMANDED**

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE
DEPARTMENT, NEW YORK CITY POLICE OFFICERS,
DETECTIVE JASON BARR, DETECTIVE PATRICK AGUGLIARO
AND POLICE OFFICERS JOHN DOES

　　　　　　　　　　　　Defendant(s).
---------------------------------------------------------------------X

　　Plaintiff ERIC SMITH, ("Plaintiff") by his attorneys, KELLY & GROSSMAN LLP, complaining of THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, NEW YORK CITY POLICE OFFICERS, DETECTIVE JASON BARR, DETECTIVE PATRICK AGUGLIARO AND DETECTIVES JOHN AND JANE DOES 1-5, POLICE OFFICERS JOHN DOE(S) AND JANE DOE(S), (Defendants), respectfully alleges, upon information and belief, as follows:

## NATURE OF ACTION

1.　　This is a civil action, pursuant to 42 U.S.C. §1983 and §1988, and state law, seeking monetary damages for Plaintiff, ERIC SMITH, due to his wrongful arrest, prosecution, conviction, and 3 years imprisonment caused by the pervasive misconduct of the New York City Police Department ["NYPD"].

2.　　ERIC SMITH was pulled over in his vehicle for no legitimate reason. The officers approached with guns drawn and dragged him from the vehicle. There was no probable cause for the commencement or the continuation of the criminal proceedings. Defendants fabricated evidence against SMITH prior to the start of SMITH'S criminal proceedings while they were

investigating the case, and continued fabricating evidence while SMITH'S criminal proceedings were pending, by knowingly making false statements and omissions which were material to the proceedings. The criminal proceedings resulted in a conviction for which plaintiff spent three years in prison.

## JURISDICTION, VENUE, AND CONDITIONS PRECEDENT

3. This action arises under 42 U.S.C. §§ 1983 and 1988, and under the common law of the State of New York.

4. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1343, and by principles of pendent jurisdiction.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

6. On or about January 21, 2020, Plaintiff served upon Defendant, CITY OF NEW YORK, timely notice of the present claims pursuant to New York General Municipal Law § 50-e. A hearing pursuant to New York General Municipal Law § 50-h was held on February 23, 2021.

7. This action has been commenced within one year and ninety days of the accrual of Plaintiff's causes of action.

8. Plaintiff has duly complied with all of the condition's precedent to the commencement of this action.

## THE PARTIES

9. Plaintiff, ERIC SMITH is a citizen and resident of the State of New York and of the United States, and resides within the Eastern District of New York.

10. Defendant, CITY OF NEW YORK, of which the County of Queens is a subdivision, is a municipal corporation of the State of New York and is a resident of the Eastern District of New York.

11. Defendant, DETECTIVE JASON BARR, hereinafter BARR, at all relevant times, was a Detective/Police Officer, employed by the City of New York, acted toward Plaintiff under color of statutes, ordinances, customs, and usage of the State of New York and the City of New York, and acted within the scope of his employment. He is sued in his individual and his official capacities.

12. Defendant, DETECTIVE PATRICK AGUGLIARO, hereinafter AGUGLIARO, at all relevant times, was a Detective/Police Officer, employed by the City of New York, acted toward Plaintiff under color of statutes, ordinances, customs, and usage of the State of New York and the City of New York, and acted within the scope of his employment. He is sued in his individual and his official capacities.

13. Similarly, the NEW YORK CITY POLICE DEPARTMENT (NYPD) is an agency of the CITY OF NEW YORK. Detectives and police offices employed by the NYPD are agents and employees of the City of New York, which is legally responsible for torts they commit within the scope of their employment and/or under color of law.

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

#### The Crime, Initial Investigation, Plaintiff's Indictment, and Prosecution

14. These claims arose on or about December 5, 2008, when Defendants New York City Police Department, DETECTIVE JASON BARR, DETECTIVE PATRICK AGUGLIARO, John and

Jane Does knowingly fabricated statements and evidence falsely that the claimant rolled through a stop sign and allegedly found a firearm in the automobile which he was driving.

15. Detectives Barr and Agugliaro used the "pretext stop" to search plaintiff's vehicle in violation of plaintiff's constitutional rights. Detectives Barr and Agugliaro illegally stopped and illegally searched plaintiff's vehicle and then fabricated the circumstances of the illegal stop, search and seizure.

16. Defendants engaged in said fabrications for the purpose of falsely and maliciously prosecuting and convicting Claimant. Defendants charged Claimant with one count of Criminal Possession of a Weapon in the Second Degree, N.Y. Penal Law §265.03(3), one count of Criminal Possession of a Weapon in the Second Degree, N.Y. Penal Law § 265.03(1)(b) and two counts of Vehicle and Traffic Law § 1110(A)(0)(A) under Queens County criminal complaint No. 1075/09, and knowingly and intentionally procured false statements, prepared false official NYPD paperwork and other evidence to support the wrongful charges, all while knowing that Claimant did not commit the crimes charged therein.

17. Subsequently, Defendants knowingly conspired with each other over time and withheld exculpatory evidence from Claimant. The conduct of the New York City Police Defendants was committed under color of law, and was willful, wanton, and reckless.

### FIRST CAUSE OF ACTION
### Pendent State Claim - Malicious Prosecution

18. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 16 of this Complaint.

19. By virtue of the foregoing, the Individual Defendants, acting in concert with each other and with additional persons for whose acts they are liable, initiated, continued, and/or caused the initiation and/or continuation of, criminal proceeding against ERIC SMITH.

20. The criminal proceedings resulted in a conviction.

21. There was no probable cause for the commencement or the continuation of the criminal proceedings.

22. The Defendants acted with actual malice.

23. Defendant CITY OF NEW YORK is liable under the principle of respondent superior.

## SECOND CAUSE OF ACTION
### Pendent State Claims - Fabricating Evidence

24. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-22 as though fully set forth herein.

25. Defendants fabricated evidence against SMITH prior to the start of his criminal proceedings while they were investigating the case, and continued fabricating evidence while SMITH'S criminal proceedings were pending, by influencing and coercing witnesses to testify falsely against SMITH.

26. Defendants fabricated evidence against SMITH prior to the start of his criminal proceedings while they were investigating the case, and continued fabricating evidence while SMITH'S criminal proceedings were pending, by knowingly testifying falsely and soliciting false statements and testimony.

27. Defendants fabricated evidence against SMITH prior to the start of SMITH'S criminal proceedings while they were investigating the case, and continued fabricating evidence while SMITH'S criminal proceedings were pending, by knowingly making false statements and omissions which were material to the proceedings.

28. The fabricated evidence was the direct and proximate cause of SMITH'S indictment and convictions as he would not have been indicted or convicted if Defendants had not fabricated the evidence against him.

29. Therefore, each of these fabricated acts were part of the chain of causation which deprived SMITH of his liberty.

## THIRD CAUSE OF ACTION
### Pendent State Claims - Respondent Superior/Vicarious Liability

30. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1-28 as though fully set forth herein.

31. Defendants DETECTIVE JASON BARR, DETECTIVE PATRICK AGUGLIARO AND DETECTIVES JOHN AND JANE DOES 1-5 and the additional investigators who investigated SMITH but whose identities Plaintiff does not yet know, were at all times acting under color of State law and within the scope of their employment when they violated SMITH'S constitutional rights and committed the various torts against him, as outline above.

32. As their employer, the City of New York is vicariously liable for their actions pursuant to the doctrine of respondent superior.

## FOURTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress Under State Law

33. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 31 of this Complaint.

34. Defendants engaged in a continuous pattern of extreme and outrageous conduct directed at Plaintiff that continued until his release from prison.

35. Defendants engaged in that pattern of conduct with an intention to cause, or in reckless disregard of the substantial probability that it would cause Plaintiff severe emotional distress.

36. Specifically, Defendants, individually, in concert with, conspiring with, and/or aiding and abetting one another and other persons for whose acts they are liable, while acting in an investigative or administrative capacity, testified to false statements to be used against Plaintiff, created false official records to be used against Plaintiff, initiated or caused the initiation and continuation of false and unfounded criminal charges against Plaintiff while lacking probable cause to do so, abused judicial process in order to gain unlawful custody of by testifying falsely against Plaintiff and committed perjury by testifying falsely at Plaintiff's trial with Brady, Giglio and Rosario material before, during, and after trial, attempted to cover up and conceal their misconduct, and repeatedly and continually lied to and defrauded every court that reviewed Plaintiff's conviction concerning the existence of evidence favorable to Plaintiff and their past misconduct.

37. Plaintiff suffered severe emotional distress as a result of, and that was proximately caused by, the Defendant's aforementioned actions.

38. By virtue of the foregoing, Plaintiff suffered the actual damages identified below.

39. Defendant CITY OF NEW YORK is liable under the principle of respondeat superior.

## FIFTH CAUSE OF ACTION
### Abuse of Process Under State Law

40. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 38 of this Complaint.

41. Defendants, individually, in concert with, conspiring with, and/or aiding and abetting one another and other persons for whose acts they are liable, employed regularly issued criminal legal process against Plaintiff.

42. Specifically, actions include but are not limited to, fabricating statements to falsely claim that SMITH rolled through a stop sign when he did not and illegally searching his vehicle, documenting in a DD-5 false and misleading statements that were known to be false and procured through perjury, unauthorized by law.

43. Defendants used such process to obtain a collateral objective outside the legitimate ends of the process used, namely, Barr and Agugliaro illegally stopped and detained SMITH, then illegally searched his vehicle and documented such fabricated evidence on official police paperwork to gain unlawful, coercive custody of Smith. The fabricated evidence was then used against Plaintiff. Defendants knew, believed, and intended it to be used in court against Plaintiff at the criminal trial, and which were so used.

44. Defendants did so with intent to do harm to Plaintiff, with actual malice, and without excuse or justification.

45. By virtue of the foregoing, Plaintiff was caused the actual and special damages identified below.

46. Defendant CITY OF NEW YORK is liable under the principle of respondeat superior.

## SIXTH CAUSE OF ACTION
### 42 U.S.C. §1983; Denial of Due Process and a Fail Trial Under the Fifth, Sixth and Fourteenth Amendments; Malicious Prosecution and Deprivation of Liberty Under the Fourth and Fourteenth Amendments

47. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 45 of this Complaint.

48. Detectives Barr and Agugliaro knew that the false statements would, and caused the statements to, be relied upon by prosecutors and the Court as a basis to formally initiate his prosecution, to hold him for trial and to compel testimony consistent with their statements at the trial itself.

49. Defendants thereafter knowingly swore to a false Criminal Court complaint initiating the criminal prosecution of Plaintiff, and causing Plaintiff to be indicted.

50. The aforesaid conduct, which Defendants committed in concert with and in aid of each other, and/or in in concert or conspiracy with others named and unnamed, operated to deprive Plaintiff of his rights under the Constitution and the Laws of the United States:

    (a) Not to be arrested, indicted, prosecuted, detained, convicted, or imprisoned based upon false, fabricated, manufactured, misleading, or inherently unreliable "evidence" including the statements and testimony of witnesses who have been improperly influenced, coerced, or manipulated to provide such statements and testimony, in violation of the Due Process and Fair Trial Clauses of the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.

    (b) Not to be deprived of his liberty absent probable cause to believe he has committed a crime, in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution; and

    (c) To timely disclosure of all material evidence favorable to the defense pursuant to Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), and their progeny, and the Due Process and

Fair Trial Clauses of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

51. The following violations of Plaintiff's Federal Constitution rights by the Defendants and their co-conspirators and accomplices, known and unknown, directly, substantially, proximately and foreseeably caused the initiation and continuation of Plaintiff's criminal prosecution, his loss of liberty and detention without bail, his wrongful conviction, his subsequent imprisonment, and his other injuries and damages.

52. The foregoing violations of Plaintiff's rights amounted to Constitutional torts and were affected by actions taken under color of State law, and within the scope of the Defendants' employment and authority.

53. Defendants committed the foregoing violations of Plaintiff's rights knowingly, intentionally, willfully, recklessly, and/or deliberate indifference to Plaintiff's constitutional rights or to the effect of such misconduct upon Plaintiff's constitutional rights.

54. By reason of the foregoing, the Defendants are liable to Plaintiff, pursuant to 42 U.S.C. § 1983, for compensatory and for punitive damages.

**SEVENTH CAUSE OF ACTION**
**(42 U.S.C. § 1983; Denial of Due Process and a Fair Trial Under the Fifth, Sixth and Fourteenth Amendments; Malicious Prosecution, Abuse of Process, and Deprivation of Liberty Under the Fourth, Fifth, Sixth and Fourteenth Amendments; Defendants City of New York et al.)**

55. Plaintiff' repeats and re-alleges each and every allegation contained in paragraphs 1 through 53 of this Complaint.

56. Knowing that any colorable cause to continue the prosecution had evaporated, the named defendants and others acted in concert and conspired with others, named and

unnamed, to use any means, no matter how unlawful or coercive, to intimidate them into falsely accusing Plaintiff of the charged crimes.

57. These illegal and unconstitutional means included, but were not limited to fabricating statements that were known to be false, and manufacturing false statements to implicate ERIC SMITH in the crime.

58. These lawless actions foreseeably caused the aforementioned witnesses to manufacture false evidence which Defendants then used to continue Plaintiff's malicious prosecution, without probable cause, and to bring about his false conviction at trial.

59. Additionally, Defendants, acting in an investigative capacity, had a duty to Plaintiff to carry out ongoing obligations, pursuant to the Due Process Clause of the Constitution and *Brady v. Maryland*, 373 U.S. 83 (1963), to disclose, upon Plaintiff's request, documents and information favorable to Plaintiff with respect to his criminal prosecution and conviction. Nevertheless, acting in concert with others, said defendants knowingly, willfully, recklessly, and/or with deliberate indifference to their Constitutional and statutory obligations, failed to disclose said documents and information to Plaintiff, thereby substantially delaying Plaintiff's efforts to overturn his wrongful conviction and prolonging his prosecution and imprisonment.

60. The aforesaid conduct operated to deprive Plaintiff of his rights under the Constitution and Laws of the United States:

> (a) Not to be arrested, indicted, prosecuted, detained, convicted, or imprisoned based upon false, fabricated, manufactured, misleading, or inherently unreliable "evidence," including the statements and testimony of witnesses who have been improperly influenced, or manipulated to provide such statements and testimony, in violation of the Fourth and Fourteenth Amendments, and the due Process and Fair Trial Clause of the Fifth, Sixth and Fourteenth Amendments, to the United States Constitution;

    (b)    Not to be deprived of his liberty absent probable cause to believe he has committed a crime, a violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution; and

    (c)    To timely disclosure of all material evidence favorable to the defense pursuant to Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), and their progeny, and the Due Process and Fair Trial Clauses of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

61. The following violations of Plaintiff's federal constitutional rights by the Defendants, together with their co-conspirators and accomplices, known and unknown, directly, substantially, proximately, and foreseeably caused the continuation of Plaintiff's malicious prosecution without probable cause, his wrongful conviction, his subsequent imprisonment and his other injuries and damages.

62. The foregoing violations of Plaintiff's rights amounted to Constitutional torts and were affected by actions taken under color of State law, and within the scope of the Defendant's employment and authority.

63. Defendants committed the foregoing violations of Plaintiff's rights knowingly, intentionally, willfully, recklessly, negligently, and/or deliberate indifference to Plaintiff's constitutional rights or to the effect of such misconduct upon Plaintiff's constitutional rights.

64. By reason of the foregoing, the Defendants are liable to Plaintiff, pursuant to 42 U.S.C. § 1983, for compensatory and for punitive damages.

## EIGHTH CAUSE OF ACTION
### (Monell/42 U.S.C. § 1983: Claim Against Defendant City of New York for the Actions of the NYPD)

65. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 64 of this Complaint.

66. The foregoing violations of Plaintiff's federal constitutional rights and injuries were further directly, foreseeably, proximately, and substantially caused by conduct, chargeable to Defendant, CITY OF NEW YORK, amounting to deliberate indifference to the constitutional rights of persons, including Plaintiff, who are investigated, arrested, or prosecuted for alleged criminal activities.

67. Prior to Plaintiff's arrest, policymaking officials of the NYPD, were deliberately indifferent to the constitutional rights of individuals suspected or accused of criminal activity, to the risk of arresting, prosecuting and convicting innocent people, and to the right of all criminal suspects and defendants to due process and a fair trial, implemented plainly inadequate policies, procedures, regulations, practices, customs, training, supervision, and discipline concerning:

    (a)    The determination of probable cause to make an arrest; and

    (b)    The continuing duty of police investigators to reserve and to make timely disclosure to the District Attorney, during criminal investigations and prosecutions, of all material evidence or information ("Brady material") favorable to a person suspected, accused or convicted of criminal conduct, including, but not limited to, evidence of innocence, evidence that an identifying or prosecution witness is unreliable or lacks general credibility, evidence that a prosecution witness has made inconsistent statements about material facts, and evidence that a prosecution witnesses has a motive, bias or interest affecting his credibility or has been pressured or coerced, so that the District Attorney could comply

with his constitutional obligation to disclose such information to the defense under Brady.

68. With respect to "a" and "b" in the preceding paragraph, prior to Plaintiff's arrest and the initiation of his prosecution in 2008, the NYPD provided limited training.

69. The aforesaid deliberate or de facto policies, procedures, regulations, practices and/or customs (including the failure to properly instruct, train, supervise and/or discipline employees with regard thereto) were implemented or tolerated by policymaking officials for the Defendant CITY OF NEW YORK, including but not limited to, The New York City Police Commissioner, who knew (or should have known):

(a) to a moral certainty that such policies, procedures, regulations, practices, and/or customs concern issues that regularly arise in the investigation and prosecution of criminal cases:

(b) that such issues either present police employees with difficult choices of the sort that instruction, training, and/or supervision will make less difficult or that the need for further instruction, training, supervision and/or discipline was demonstrated by a history of police employees mishandling such situations as well as the incentives that police employees have to make the wrong choice; and

(c) that the wrong choice by such employees concerning such issues will frequently cause the deprivation of the constitutional rights of criminal suspects or defendants and cause them constitutional injury.

70. The aforementioned policymaking officials had knowledge of the notice alleged in the preceding paragraph based upon, among other circumstances:

(a) credible allegations, many substantiated by judicial decisions findings, that NYPD officers had wrongfully withheld material evidence or knowingly given false or misleading testimony (see Ex. B) appended hereto and incorporated herein by reference, listing some of these decisions);

(b) civil lawsuits, some of which resulted in substantial civil settlements, credibly alleging that police had falsified, exaggerated, or withheld

        material evidence, or conducted searches or arrests without probable cause (see Ex. A appended hereto and incorporated herein by reference, listing some of those lawsuits);

(c) numerous decisions of the United States Supreme Court, the United States Court of Appeals for the Second Circuit, the New York Court of Appeals, and the New York Appellate Division, discussing the difficult issues that regularly arise under Brady as well as the probable cause requirements of the Fourth Amendment;

(d) judicial decisions directly criticizing the NYPD for failing to train and supervise officers in their Brady obligations and for failing to adopt adequate Brady disclosure policies, see Carter v. Harrison, 612 F. Supp. 749 (E.D.N.Y. 1985) (McLaughlin, D.J., adopting the Report and Recommendations of then Magistrate Shira A. Scheindlin), and putting the NYPD on notice that the City could be held liable for its failure to adequately train police officers and investigators regarding their obligations to provide truthful testimony and to disclose evidence that favors criminal defendants under Brady, see Walker v. City of New York, 974 F.2d 293 (2d Cir. 1992), and Carter v. Harrison, supra;

(e) formal reports of the N.Y.C. Comptroller's Office and the Bar Association of the City of New York criticizing the NYPD and the N.Y.C. Law Department for failing to follow up substantial civil settlements for police misconduct with disciplinary or other remedial actions; and

(f) the inherent obviousness of the need to train, supervise and discipline police officers in such obligations to counteract the pressure of officers and the powerful incentives they have to close cases and to obtain arrests and convictions.

71. Under the principles of municipal liability for federal civil rights violations, the City's Police Commissioner (or his authorized delegates), had final responsibility for training, instructing, supervising, and disciplining police personnel with respect to the investigation and prosecution of criminal matters, including constitutional requirements governing the interrogation of witnesses, the initiation of criminal prosecutions and the disclosure of Brady material.

72. The Police Commissioners, personally and/or through his authorized delegates, at all relevant times had final authority, and constitutes a City policymaker for whom the City is liable, with respect to compliance by NYPD employees with the above-mentioned constitutional requirements.

73. During all times material to this Complaint, the Police Commissioner owed a duty to the public at large and to Plaintiff, ERIC SMITH, which he knowingly and intentionally breached, or to which he had deliberately indifferent, to implement policies, procedures, customs, practices, training and discipline sufficient to prevent or deter conduct by his subordinates violating the aforementioned constitutional rights of criminal suspects or defendants and of other members of the public.

74. The aforesaid policies, procedures, regulations, practices and/or customs of Defendant, CITY OF NEW YORK and the NYPD were collectively and individually a substantial factor in bringing about the aforesaid violations by the Individual Police Department of Plaintiff's rights under the Constitution and laws of the United States.

75. By virtue of the foregoing, Defendant, CITY OF NEW YORK is liable for having substantially caused the foregoing violations of Plaintiff's constitutional rights and his constitutional injuries.

## NINTH CAUSE OF ACTION

(Negligent Hiring, Training and Supervision Under State Law; Defendant City of New York)

76. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 75 of this Complaint.

77.  By virtue of the foregoing, Defendant, CITY OF NEW YORK is liable to Plaintiff because of its intentional, deliberately indifferent, careless, reckless, and/or negligent failure to adequately hire, train, supervise, and discipline its agents, servants and/or employees employed by the BDAO and/or the NYPD with regard to their aforementioned duties.

## DAMAGES DEMAND

WHERFORE, Plaintiff demands judgment against the Defendants as follows:

a.  For compensatory damages of not less than $10 million;

b.  For punitive damages of not less than $100 million.

c.  For reasonable attorneys' fees, together with costs and disbursements, pursuant to 42 U.S.C. § 1099 and to the inherent powers of this Court;

d.  For such other and further relief as this Court may deem just and proper.

Dated:   West Islip, New York
         December 22, 2020

**KELLY & GROSSMAN, LLP**

_____
Dennis Kelly, Esq.
Attorneys for Plaintiff
1248 Montauk Highway
West Islip, New York 11795
Telephone: (516) 686-6768
Facsimile:  (516) 686-6771

To:   Corporation Counsel of the City of New York
      All Defendants