UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ERIC SMITH,

                    Plaintiff,

          v.

DETECTIVE JASON BARR,

                    Defendant.

**MEMORANDUM & ORDER**
21-CV-02280 (HG) (PK)

**HECTOR GONZALEZ**, United States District Judge:

On May 13, 2024, the Court issued an Order granting in part and denying in part Defendants' motion for summary judgment. *Smith v. City of New York*, No. 21-cv-2280, 2024 WL 2133321 (E.D.N.Y. May 13, 2024). In that Order, the Court dismissed all of Plaintiff's claims except his Section 1983 claim for denial of the right to a fair trial against Defendant Barr. *Id.* at *5–7. Specifically, the Court provided that "[t]he only claim that survives for trial is Plaintiff's fair trial claim against Barr predicated on the information he provided to the District Attorney's Office in the Criminal Complaint and the Intake Report regarding: (1) from where he recovered the gun; and (2) what (if anything) Plaintiff said at the time of his arrest." *Id.* at *9.[1] Defendant Barr moved for reconsideration of the portion of the Court's order denying his motion for summary judgment on those claims. ECF No. 58-1 (Motion for Reconsideration). Plaintiff Eric Smith opposes the motion for reconsideration. ECF No. 59 (Opposition to Motion for Reconsideration). The Court assumes the parties' familiarity with the facts and procedural history of this case as set out in the Court's Summary Judgment Order. *Smith*, 2024 WL

---

[1]    Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

2133321.  For the reasons set forth below, the Court denies Defendant's motion for reconsideration.

**LEGAL STANDARD**

Local Civil Rule 6.3 requires a party moving for reconsideration to "set[] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked."  Under the rule, "[t]he standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *See Johnson v. Cnty. of Nassau*, 82 F. Supp. 3d 533, 535–36 (E.D.N.Y. 2015) (quoting *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995)).  "[A] motion for reconsideration is not a vehicle for presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."  *See Davidson v. Scully*, 172 F. Supp. 2d 458, 464 (S.D.N.Y. 2001).  In other words, "a party may not advance new facts, issues or arguments not previously presented to the court."  *See Mina Inv. Holdings Ltd. v. Lefkowitz*, 184 F.R.D. 245, 250 (S.D.N.Y. 1999).

**DISCUSSION**

The Court already denied Defendant Barr's motion seeking summary judgment on Plaintiff's fair trial claim, finding that Plaintiff's consistent testimony in which he "denied that the gun was in his waistband and that he told the officers he needed the gun for protection," was not "wholly improbable" and was thus "just enough" to create an issue of material fact as to whether Barr created false information in the form of the Criminal Complaint and the Intake Report that he forwarded to prosecutors.  *Smith*, 2024 WL 2133321, at *7.  "To prove a Section 1983 fair trial claim, a plaintiff must establish that (1) the officer created false information, (2)

2

the officer forwarded the false information to prosecutors, (3) the false information was likely to influence a jury's decision, and (4) the plaintiff suffered a deprivation of life, liberty, or property as a result of the officer's actions." *Kee v. City of New York*, 12 F.4th 150, 168 (2d Cir. 2021).

In his motion seeking summary judgment, Barr argued that he did not fabricate the statements regarding from where he recovered the gun and what Plaintiff said at the time of his arrest (the "Relevant Statements"). ECF No. 42 at 24–26 (Motion for Summary Judgment).[2] The Court disagreed with Barr's arguments and denied that portion of his motion. Now, however, Barr brings forward new arguments, stating that Plaintiff's fair trial claim against him should have been dismissed on summary judgment because Barr's allegedly false statements were not material to Plaintiff's prosecution and did not cause Plaintiff to suffer a deprivation of liberty. ECF No. 58-1 at 2. This is no more than an effort to advance "arguments not previously presented to the court," disguised as a motion for reconsideration. *Mina Inv. Holdings*, 184 F.R.D. at 250. Accordingly, reconsideration is not an appropriate avenue for Defendant to pursue. However, for the sake of completeness, the Court will briefly address Barr's arguments.

Material issues of fact prevent the Court from granting Barr summary judgment on Plaintiff's fair trial claim on either of his newly propounded theories. The Court cannot find that the Relevant Statements would not have influenced a jury's decision. Plaintiff was charged with criminal possession of a weapon. ECF No. 36 ¶ 25 (Defendants' 56.1 Statement). Plaintiff's disputed statement that he needed the gun for protection essentially constitutes a confession to possessing the recovered weapon, and the Second Circuit has held that allegedly false confessions are "almost certain to influence a jury's verdict." *Ricciuti v. N.Y.C. Transit. Auth.*, 124 F.3d 123, 130 (2d Cir. 1997). And, allegedly false information provided by an officer is

---

[2]    The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

"particularly likely to be believed by a jury" and thus likely to influence the jury's decision. *Collins v. City of New York*, 295 F. Supp. 3d 350, 372 (S.D.N.Y. 2018) (denying defendant's motion for summary judgment on plaintiff's fair trial claim). Defendant has not put forward facts or evidence sufficient to allow the Court to conclude as a matter of law that his statements, if false, were not likely to influence a jury's decision.

Defendant also argues that Plaintiff cannot demonstrate that he suffered a deprivation of liberty as a result of the false statements. It is true that to satisfy this element of his fair trial claim, Plaintiff must "establish a causal connection between the fabricated evidence and his deprivation of liberty." *Fowler-Washington v. City of New York*, No. 19-cv-6590, 2023 WL 2390538, at *9 (E.D.N.Y. Mar. 7, 2023). To support his argument, Defendant puts forward a hypothetical about what a prosecutor might or might not do when confronted with a gun in an automobile, and points to Plaintiff's alleged absence of evidence to support the causation element of his fair trial claim. ECF No. 58-1 at 5. While it is true that the presence of a gun in the car Plaintiff was driving could very well have resulted in charges being brought against Plaintiff regardless of where specifically the gun was recovered, "[e]ven if independent probable cause exists, fabricated evidence can cause a liberty deprivation for the purposes of a fair trial claim" if it causes "some further deprivation." *Rowell v. City of New York*, No. 16-cv-6598, 2019 WL 280469, at *2 (S.D.N.Y. Jan. 22, 2019). Courts in this circuit have looked to, for example, "the number of court appearances a plaintiff made post-arraignment, constraints such as bail requirements, a period of incarceration or travel restrictions," to determine whether a plaintiff suffered a further deprivation of liberty. *Hanson v. New York City*, No. 15-cv-1447, 2018 WL 1513632, at *17 (E.D.N.Y. Mar. 27, 2018). And, "[s]pending a number of hours in jail has been found to constitute a sufficient deprivation of liberty supporting a § 1983 fair-trial

claim, as has the obligation to attend numerous follow-up court appearances." *Baksh v. City of New York*, No. 15-cv-7065, 2018 WL 1701940, at *10 (E.D.N.Y. Mar. 31, 2018); *see also Collins*, 295 F. Supp. 3d at 373 (holding that a reasonable jury could conclude that the officer's allegedly false statements caused plaintiff to suffer a restriction of liberty after plaintiff was arrested, had to wait a few hours before being released, and had to attend a number of follow-up court appearances); *Long v. New York City*, No. 14-cv-9908, 2016 WL 4203545, at *5 (E.D.N.Y. Aug. 8, 2016) ("Plaintiff's [pre-arraignment detention], albeit brief, satisfies the requirement that there be a deprivation of liberty.").

The record before me at summary judgment reflects that after Defendant recovered the gun, Plaintiff was "cuffed" and put in the backseat of the officers' car, ECF No. 50-1 at 5, that he was "thr[own] in a cell for hours," ECF No. 50-5 at 9, that at some point he was "released" while the case was pending but was required to attend further court appearances, ECF No. 35-6 at 21, and that Plaintiff spent three years in prison before his conviction was vacated. ECF No. 35-1 at 2. The record also reflects that Barr himself testified that recovering a firearm from a person's waistband was an important detail and "much different" from recovering a firearm from inside a car. ECF No. 50-4 at 9. Plaintiff maintains that the gun was found in the back of the car rather than his waistband, ECF No. 50-5 at 6–7, and the parties agree that Plaintiff did not own the vehicle in which he was arrested. ECF No. 50-4 at 2.

Accordingly, Plaintiff did clearly suffer a deprivation of liberty, and on the record before me, I cannot determine what, if any, impact the allegedly false statements might have had on each deprivation of liberty that occurred. Under these circumstances, there are material issues of fact regarding whether any of Plaintiff's deprivations of liberty were caused by the allegedly fabricated evidence, and the inference that must be drawn is more appropriately left to the jury.

*Azurdia v. City of New York*, No. 18-cv-4189, 2021 WL 4480655, at *9 (E.D.N.Y. Sept. 30, 2021) (holding that where a plaintiff had clearly suffered a deprivation of liberty, the question of whether that deprivation was "proximately caused by the allegedly fabricated evidence" was an inference best left to the jury).

## <u>CONCLUSION</u>

For the reasons set forth above, the Court DENIES Defendant Barr's motion for reconsideration.  ECF No. 58.  The parties' joint pretrial order is due on or before December 12, 2024.  No extensions of this deadline will be granted.  The parties are reminded that their joint pretrial order must comply with the requirements set forth in Section VI.B. of the Court's Individual Practices.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
       November 12, 2024

6